IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERESA JOHNSON,

                                                                    OPINION AND ORDER

                    Plaintiff,

                                                                      14-cv-25-bbc

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Teresa Johnson is seeking review of a final decision by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying her claim for disability insurance benefits and supplemental security income under the Social Security Act.  42 U.S.C. § 405(g).  The administrative law judge who decided the case concluded that plaintiff suffered from severe back, hip and knee impairments, but retained the residual functional capacity to perform limited light work with a sit-stand option.  Specifically, he found that plaintiff could perform her past relevant work as an assembler as she actually performed it and as it is performed generally in the national economy.  Plaintiff contends that the administrative law judge improperly relied on the vocational expert's testimony that contradicted the Dictionary of Occupational Titles.  Because I find that the administrative law judge's decision was supported by substantial evidence and that plaintiff did not meet her burden

1

of showing why she is incapable of performing her past relevant work as an assembler, I am affirming his decision.

OPINION

Plaintiff contends that the administrative law judge relied on flawed vocational expert testimony in deciding that plaintiff is capable of returning to her past relevant work as an assembler. As a result, plaintiff requests a remand. Overman v. Astrue, 546 F.3d 456, 463 (7th Cir. 2008) ("A finding based on unreliable [vocational expert] testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated.").

In his July 27, 2012 written decision, the administrative law judge found that plaintiff retained the residual functional capacity to perform a limited range of light work. AR 35. He stated that plaintiff is "limited to lifting 10 pounds frequently and 20 pounds occasionally . . . precluded from more than occasional climbing, stooping, bending, crouching, crawling or kneeling . . . [and] requires a sit/stand option so that she need not stand for more than 45 minutes at a time or sit for more than 60 minutes at a time." AR 35. At step four of the disability analysis, the administrative law judge determined that plaintiff "is capable of performing her past relevant work as an assembler" because the "work does not require the performance of work related activities precluded by [her] residual functional capacity." AR 40.

The administrative law judge supported his conclusion by citing vocational expert testimony from plaintiff's July 29, 2012 hearing. In discussing plaintiff's past relevant work,

the vocational expert identified the position of "Assembler, which is sedentary unskilled (SVP2) work." AR 40. The vocational expert explained that plaintiff could perform this job both as it is generally performed in the national economy and as plaintiff actually performed the job. The expert further testified that the job would accommodate a sit-stand option and that plaintiff's "residual functional capacity would not preclude her from performing this past sedentary work." AR 40. As required by Social Security Ruling 00-4p, the administrative law judge determined that the vocational expert's testimony was consistent with the Dictionary of Occupational Titles. Plaintiff challenges the administrative law judge's step four finding on two grounds.

### A. Documentation of Past Relevant Work

Social Security Ruling 82-62 requires that an administrative law judge make specific findings of fact regarding the individual's residual functional capacity, the physical and mental demands of the past job and whether the individual maintains the residual functional capacity to permit a return to this past work. Plaintiff contends that "[n]o testimony was rendered about assembly and [plaintiff] was never cross-examined by the ALJ regarding that job." Plt.'s Br., dkt. #12, at 7.

Contrary to plaintiff's assertions, the administrative law judge questioned plaintiff about how she performed her past relevant work as an assembler. AR 65-66. Plaintiff admitted that she worked as an assembler for a 60-day period from 1998 to 1999, and a disability report completed by Social Security Administration personnel confirms this fact.

AR 66 and 167. She described the position as "[w]elding, soldering wires together" and stated that she did no lifting and sat while performing the job. AR 66. Later in the hearing, plaintiff's counsel cross-examined the vocational expert regarding the physical demands of plaintiff's assembler position. AR 74-76.

In her reply brief, plaintiff asserts that the administrative law judge never asked if her past work required any pushing or pulling and cites Social Security Ruling 83-10 for the proposition that light work sometimes requires greater "pushing and pulling of arm-hand or leg-foot controls" than sedentary work. Plt.'s Reply Br., dkt. #24, at 15. Even if plaintiff had not waived this argument by raising it for the first time on reply, United States v. Turner, 203 F.3d 1010, 1019 (7th Cir. 2000) (arguments not raised until reply brief are waived), the potential discrepancy is irrelevant because the administrative law judge found that plaintiff retained the residual functional capacity to perform light work without any limitations on pushing or pulling. AR 35. Plaintiff has not challenged the administrative law judge's residual functional capacity finding or presented any evidence that she cannot perform the pushing and pulling requirements of light work.

For the reasons stated above, I conclude that the administrative law judge satisfied the fact-finding requirement in Social Security Ruling 82-62.

### B. Vocational Expert Testimony

Plaintiff also contends that the administrative law judge improperly relied on inconsistent testimony provided by the vocational expert regarding plaintiff's past relevant

work as an assembler. During cross-examination by plaintiff's counsel, the vocational expert cited two occupation numbers from the Dictionary of Occupational Titles to describe plaintiff's past assembly work: 700.381-050 (solderer) and 734.687-014 (assembler). AR 74. Solderer is listed as a sedentary job with a specific vocational preparation level of five, and assembler is a light job with a specific vocational preparation level of two. Plt.'s Br., dkt. #12, at 9. Plaintiff criticizes the vocational expert for failing to designate one particular occupation to describe plaintiff's past relevant assembly and argues that the solderer and assembler positions are "two vastly different jobs, with completely different duties and tasks." Id. at 10.

At the hearing, the vocational expert explained that "there would not only be one . . . DOT number that describes exactly what she did, but there would be several that are close to what she did." AR 74. Plaintiff has cited no law requiring that a vocational expert identify only one occupational title to describe a claimant's past work. Further, there are only two notable differences between the two positions identified by the vocational expert. The solderer position is sedentary, while the assembler position is light. This distinction is irrelevant because the administrative law judge found that plaintiff has the residual functional capacity to perform light work. Although plaintiff correctly points out in her reply brief that the solderer position has a specific vocational preparation level of five and the assembler position has a level of two, plaintiff did not address this discrepancy in her initial brief and, therefore, has waived the argument. Turner, 203 F.3d at 1019.

5

Even if I were to assume that the administrative law judge relied on conflicting vocational expert testimony, this would not be a ground for reversal. The Dictionary of Occupational Titles provides information as to how a job is <u>generally</u> performed in the national economy, and an administrative law judge need not consider such information if he bases his decision on an individual's <u>actual</u> performance of past relevant work, as the administrative law judge did in this case. <u>Jens v. Barnhart</u>, 347 F.3d 209, 213 (7th Cir. 2003) (finding that the Dictionary of Occupational Titles does not show requirements of a job as it was actually performed); <u>Brewer v. Chater</u>, 103 F.3d 1384, 1393 (7th Cir. 1997) ("The DOT is a recognized source of vocational evidence of which an ALJ may take notice when deciding what a typical job description is in the national economy. . . . Having made that finding based on the actual functional demands and job duties of her particular past job, the ALJ did not need to consider the DOT classification of that job."), <u>overruled on other grounds by</u> <u>Johnson v. Barnhart</u>, 189 F.3d 561 (7th Cir. 1999).

Plaintiff bears the burden at step four of specifying why she cannot perform past relevant work as she actually performed it in the past. 20 C.F.R. § 404.1520(a)(4)(i-iv); <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987) (stating that the claimant bears the burden of proof at the first four steps of the disability evaluation, meaning that at step four, the claimant must prove that "the impairment prevents him from performing his past work"). Plaintiff has not identified any aspect of her past relevant work as an assembler that is incompatible with the administrative law judge's residual functional capacity determination. As a result, I am affirming the administrative law judge's decision.

6

ORDER

IT IS ORDERED that Plaintiff Teresa Johnson's motion for summary judgment, dkt. #11, is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 10th day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge